IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 JAN -3 P 2: 31

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| CHARLES EDWARD NERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-166 |
| | ) | |
| RICHMOND COUNTY SHERIFF'S | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate incarcerated at Coastal State Prison in Garden City, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.

## I.   BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following.  Plaintiff names as Defendants the Richmond County Sheriff's Office; Investigators Brian Vallee,[1] FNU Spradley, and FNU Bracken; the Honorable Albert Pickett, Superior Court Judge; the Honorable Bernard J. Mulherin, Sr., Superior Court Judge; the Honorable William M. Fleming, Sr., Superior Court Judge; attorneys Rodney Quesenberry, Travers Chance, Victor Hawk, and Tonya Jeffords;[2] and the District Attorney's Office.  In his complaint, Plaintiff argues that Defendants violated his constitutional right to due process under the Sixth and Fourteenth Amendments and unconstitutionally denied him his liberty.  (Doc. no. 1). Specifically, he alleges that in July 2003, he was visiting a friend at the Travelodge Hotel in Augusta, Georgia.  (Id. at first handwritten "petition," p. 2).  After he knocked on the door, Plaintiff claims that he turned his back, and when the door opened, Investigators Vallee, Spradley, and Bracken grabbed him from behind.  (Id.).  Plaintiff asserts that these Defendants assaulted him, while demanding to know where "the drugs" were located.  (Id. at 2-3).  Plaintiff then claims that about a month later, he was involved in a high speed chase for "running red lights, evading[,] and eluding."  (Id. at 3).  When he was caught, he was served with a warrant, charging him with possession of cocaine with intent to distribute, dating back to the incident at the Travelodge Hotel a month earlier. (Id.).

---

[1] In his complaint, Plaintiff lists this Defendant's name as Vallee, as opposed to Vollee.  Therefore, the Clerk is **DIRECTED** to correct the docket accordingly.

[2] In his complaint, Plaintiff lists this Defendant's name as Tonya Jeffords, as opposed to Tony Jeffords.  Therefore, the Clerk is **DIRECTED** to correct the docket accordingly.

At some point thereafter, Plaintiff alleges that he asked his attorney, Defendant Chance, to file a motion for a speedy trial and other pre-trial motions, but Defendant Chance did not file any such motions and only filed a motion to suppress, which Judge Pickett denied. (Id. at 3-4). Plaintiff then claims that after firing Defendant Chance, he hired Defendant Hawk, who told Plaintiff that he would get Plaintiff's case dismissed; however, instead of doing so, Plaintiff's "parole"[3] was revoked and he went to prison. (Id. at 4).

In June 2004, Plaintiff claims that he was "paroled" and placed on house arrest with a leg monitor; however, a short time later, he was arrested for an outstanding bench warrant related to the cocaine charges previously brought against him. (Id. at 5). Plaintiff states that he then received a court-appointed attorney, Defendant Jeffords, who failed to file any pre-trial motions. (Id.). Plaintiff states that he was subsequently convicted, and Judge Fleming sentenced him to 30 years' imprisonment. (Id.). As relief, Plaintiff states that he does not seek punitive damages, but instead seeks a hearing in his criminal case to: (1) challenge the collection of evidence used to convict him, (2) challenge the search conducted pursuant to Terry v. Ohio, 392 U.S. 1 (1968), (3) challenge the grand jury's findings, and (4) obtain a change of venue. (Id. at 1; second handwritten "petition," p. 8). Plaintiff also requests that this Court appoint him counsel and that he be either released or transferred to a federal prison to prepare for these hearings. (Id. at first handwritten "petition," p. 7).

---

[3] The complaint is not clear whether Plaintiff had been paroled or whether he had been released on bond pending trial.

3

## II.   DISCUSSION

**A.     Relief Sought Is Not Properly Brought In § 1983 Action**

As evidenced by the fact that Plaintiff seeks as relief in this case a hearing to raise motions that allegedly should have been raised in pre-trial proceedings in his criminal case, Plaintiff is challenging the legality of his criminal conviction in an action brought pursuant to § 1983, which is improper, and is seeking relief that can only be obtained in a habeas corpus action. A writ of habeas corpus is the only remedy available for state prisoners attacking the validity of their conviction or the length of their confinement. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983).

Furthermore, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (explaining that the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)). Thus, even if the Court were to construe Plaintiff's complaint as a petition for a writ of habeas corpus, Plaintiff has not alleged exhaustion of state court remedies, and his petition would be subject to dismissal.[4]

---

[4] The Court recognizes that Plaintiff also requests in his complaint that he either be released or transferred to a federal prison to allow him to prepare for these hearings. However, because Plaintiff is a state prisoner and has not been convicted of a federal crime, he is not permitted to serve his sentence in a federal prison. Moreover, the courts have no authority to dictate where Plaintiff serves his time, as that authority is reserved to the Georgia Department of Corrections. See Ga. Code Ann. § 42-5-51(d) ("Notwithstanding any language in the sentence as passed by the court, the commissioner [of the Georgia

**B.     The Richmond County Sheriff's Office and the District Attorney's Office**

In the caption of his complaint, Plaintiff improperly lists the Richmond County Sheriff's Office and the District Attorney's Office as Defendants. Stated otherwise, the complaint improperly names the entire Richmond County Sheriff's Office and the entire District Attorney's Office, rather than specific individuals, as being responsible for allegedly violating Plaintiff's constitutional rights. However, as explained above, Plaintiff seeks relief that can only be obtained through a habeas corpus action and is not properly sought in a § 1983 action. As such, to order Plaintiff to amend his complaint to correct this deficiency would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (explaining that leave to amend should be freely given, but is properly denied when any amendment would be futile).

**C.     Judge and Attorneys**

Further, even if the Court were to consider Plaintiff's claims, Judges Pickett, Mulherin, and Fleming would be entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1979) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)).

---

Department of Corrections] may designate as a place of confinement any . . . state or county correctional institution in this state."); Eubanks v. State, 494 S.E.2d 564, 566 (Ga. Ct. App. 1997) (citing Ga. Code Ann. § 42-5-51(d)). Plaintiff is also not entitled to be released from prison, as his underlying conviction has not been overturned.

5

Thus, the Court must determine whether Judges Pickett, Mulherin, and Fleming were dealing with Plaintiff in a judicial capacity and whether the judges' conduct clearly fell outside their subject matter jurisdiction.  See id. at 359-64.  Here, Plaintiff alleges that Judge Picket violated his constitutional rights by denying his motion to suppress, and Judge Fleming violated his constitutional rights by sentencing him to 30 years' imprisonment.  The act of denying a motion to suppress or sentencing a defendant to a term of imprisonment following a conviction are acts that are well within a judge's judicial authority.[5]  Therefore, Judges Pickett, Mulherin, and Fleming would be entitled to absolute immunity.

Additionally, Defendants Chance, Quesenberry, Hawk and Jeffords would likewise be dismissed from the case.  The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*"  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added).  Public defenders who have been appointed to represent criminal defendants do not act "under color of state law" when performing their duties.  See Polk County, 454 U.S. 312, 317 n.4 (1981) (holding that public defenders do not act under color of state law "when performing the traditional functions of counsel to a criminal defendant"); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (*per curiam*).  Whether Plaintiff retained Chance, Quesenberry, Hawk, or Jeffords as his counsel, or they were provided to Plaintiff as court-appointed counsel, the allegations against Chance, Quesenberry, Hawk, and

---

[5] Because Plaintiff has not specifically stated how Judge Mulherin violated his constitutional rights, the Court presumes that Plaintiff's complaints against Judge Mulherin generally relate to Judge Mulherin's judicial authority.

6

Jeffords only pertain to their traditional duties as counsel in Plaintiff's criminal case, and therefore, they were not acting under color of state law. Accordingly, Chance, Quesenberry, Hawk, and Jeffords should be dismissed from the case.

## D.      Appointment of Counsel

Plaintiff also requests that counsel be appointed on his behalf. As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (e.g., that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

This is ostensibly a § 1983 action in which Plaintiff has requested relief that can only be obtained in a habeas corpus proceeding; thus, Plaintiff is not entitled to relief in this case. Further, based on Plaintiff's filings with the Court to date, it is evident that he is able to clearly and succinctly communicate with the Court. Accordingly, Plaintiff's motion for the appointment of counsel should be denied. Should it become apparent later in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, see Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), the Court will entertain this motion again at the appropriate time.[6]

---

[6] Likewise, Plaintiff would also not be entitled to the appointment of counsel in a habeas corpus action. See Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (noting that it is well settled that "[i]n a habeas corpus action in federal court[,] there is no

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for the appointment of counsel be **DENIED** and that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 3rd day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

___

requirement that counsel be appointed unless appointment of counsel is necessary to due process." (citations omitted)).